IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA          **UNDER SEAL**

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH NASIMLIWALME@GMAIL.COM; TALIB@GMAIL.COM; IRSHAD.CGANIMATOR@GMAIL.COM; SHAHSAYEDNAQASHHAIDER@GMAIL.COM; TALIBANSARI067@GMAIL.COM; AND TANDAR.AFGHAN@GMAIL.COM, THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE, INC. | Criminal No. 1:17-sw-178 |

## **ORDER**

The United States has submitted an Application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Google, an electronic communications service provider and/or a remote computing service, to continue not to notify any person (including the subscriber(s) or customers of the accounts listed in the warrant) of the existence of the warrant for an additional 12 months.

On April 6, 2017, the court entered an Order pursuant to 18 U.S.C. § 2705(b) instructing Google not to disclose the existence of the warrant materials to any person or entity for a period of two years. On December 4, 2019, almost eight months after that initial nondisclosure order had expired, the United States moved for an extension of the time period in the initial order. Noting that the request was not timely and failed to provide any reason for why the request was not made in a timely manner, the court nevertheless entered an order extending the nondisclosure period "until April 5, 2020" (which is three years from the issuance date).

On April 9, 2020, the United States filed another belated request to extend the nondisclosure period. On April 10, 2020, the court noted that the request had not been made in a timely manner but allowed an additional six months. Therefore the disclosure period expired on October 5, 2020 (six months from April 5, 2020).

On October 22, 2020, the United States forwarded to the undersigned another application requesting that the nondisclosure period be extended. Again, this application was submitted after the nondisclosure period had expired. This application relies on statements made by the agent concerning the investigation in an April 2017 affidavit. This most recent application fails to provide any substantive discussion as to the current status of the investigation, whether the investigation has been diligently pursued, or any specific information as to why the disclosure of the warrant to the subscribers of the six email accounts could impede the investigation at this time -- more than three and half years later.

The court is required to determine an "appropriate" period taking into consideration factors including whether the disclosure **will** result in flight from prosecution, destruction of evidence, or seriously jeopardize an investigation. 18 U.S.C. § 2705(b). What may have justified nondisclosure in 2017 does not necessarily justify continued nondisclosure in 2020. Furthermore, it would not be appropriate to extend the time period for disclosure of the warrant if the investigation has not been diligently pursued. For these reasons,

IT IS HEREBY ORDERED that this application to extend the nondisclosure period is denied.

Entered this 23rd day of October, 2020.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia